IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10932
Conference Calendar

_____


STANLEY J. STEVENS,

Plaintiff-Appellant,

versus

RANDY D. MCLEOD, Warden;
E. WILLIAMS, Assistant Warden,

Defendants-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:95-CV-240
- - - - - - - - - - -
December 19, 1995
Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Stevens appeals the dismissal of his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(d). Stevens argues on appeal that the defendants violated his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments by locking down his unit for distribution of thermal underwear, for confining inmates to their cells while staff meetings are held by prison personnel, by constantly pestering and disturbing inmates while

---

[*] Local Rule 47.5.1 provides: "The publication of opinions that merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

transporting them to showers or the infirmary by making them stand against the wall quietly, and by disturbing and interrupting the inmates while they engage in recreational activities. Stevens also alleges that solitary confinement and prehearing detention prisoners are sometimes housed in his unit, and that the inmates in the unit are forced to pack up and move to make room.

We have reviewed the record and the district court's opinion and find no reversible error. Further, we find that Stevens' appeal is frivolous, and accordingly, we DISMISS it pursuant to 5th Cir. R. 42.2. Stevens was warned in Stevens v. Hay's Pharmacy, No. 95-10119 (5th Cir. Apr. 14, 1995) that filing future frivolous appeals would result in disciplinary sanctions. Accordingly, Stevens is hereby sanctioned in the amount of $100, and he is BARRED from filing any pro se, in forma pauperis, civil appeal in this court, or any pro se, in forma pauperis, initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court; the clerk of this court and the clerks of all federal district courts in this Circuit are directed to return to Stevens, unfiled, any attempted submission inconsistent with this bar.

APPEAL DISMISSED; SANCTIONS IMPOSED.